AMY, J.,
concurring in the result.
hi agree that an affirmation is appropriate in this case. However, I write separately in light of my differing analysis.
*996 First, I note that the plaintiff filed suit for an accident occurring in 1986 and did so under both negligence and strict liability. In light of the time frame of the underlying event, La.R.S. 9:2800 is inapplicable to Mr. Ramos’s strict liability cause of action. See Ramos v. State, ex rel. DOTD, 07-851 (La.App. 3 Cir. 2/6/08), 977 So.2d 1066, n. 6 (citing Jacobs v. City of Bunkie, 98-2510 (La.5/18/99), 737 So.2d 14), writ denied, 08-1074 (La.9/26/08), 992 So.2d 986. Thus, the traditional elements of strict liability are applicable in this case. Under that theory, the plaintiff did not have to prove that the defendant knew or should have known of the risk involved as he was required to do under the negligence claim. I raise this point only for sake of completeness as neither knowledge nor notice seem to have been placed at issue here and this distinction does not influence the outcome of this case.
Additionally, in my opinion, the supreme court’s discussion in Brooks v. State, ex rel. DOTD, 10-1908 (La.7/1/11), 74 So.3d 187, offers definitive guidance in this case. In Brooks, the supreme court concluded that the condition of a public highway shoulder did not present an unreasonable risk of harm to an operator of a backhoe. Rather, the supreme court observed that the legislature did not include |2backhoes in the type of vehicles it specifically authorized to use the state’s highways and shoulders. Id. In its concluding language, the supreme court determined that:
DOTD is not the guarantor of the safety of all the motoring public under every circumstance. DOTD is only liable for conditions that could reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. After reviewing all the circumstances surrounding this accident, we find the jury was manifestly erroneous in finding the condition of the shoulder presented an unreasonable risk of harm. DOTD is simply not required to maintain the roadway in such a condition that the driver of an unstable backhoe, unauthorized for highway or shoulder driving, traveling too fast to negotiate a sharp turn in that vehicle, will be able to negotiate the turn without injury. There was no evidence in the record that the condition of this shoulder could reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances, in fact all the evidence was to the contrary. Therefore, the condition of the shoulder did not present an unreasonable risk of harm and DOTD’s duty did not encompass this risk. To hold otherwise would place an unreasonable burden on the State and DOTD to ensure a pavement surface on a heavily traveled shoulder so smooth that construction vehicles not authorized for highway use can be imprudently operated upon it.
Id. at 193-194.
Given the discussion in Brooks, I find that the present case offers a stark example of a risk to which DOTD’s duty does not extend. DOTD merely held a right-of-way to the subject property. The supreme court has specifically stated that, in the context of a right-of-way, “DOTD owes a duty to maintain the land in such a condition that it does not present an unreasonable risk of harm to motorists using the adjacent roadway or to others, such as pedestrians, who are using the area in a reasonably prudent manner.” Oster v. Dep’t of Transp. & Dev., 582 So.2d 1285, 1291 (La.1991). Certainly, the plaintiffs use of the property was not within such a context. Rather, any duty attendant to the limited purposes of a right-of-way did not extend to the type of impermissible and obviously hazardous recreational use engaged in by the plaintiff.
*997 laFor these reasons, I concur with the majority that the trial court correctly entered summary judgment in favor of DOTD.